J-S27043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL RUSSELL | : | |
| | : | |
| Appellant | : | No. 597 WDA 2020 |

Appeal from the Judgment of Sentence Entered February 18, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006310-2017

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: FEBRUARY 22, 2022**

Appellant, Daniel Russell, appeals from the judgment of sentence imposed by the Court of Common Pleas of Allegheny County following a jury trial at which he was convicted of second-degree murder, robbery, and conspiracy to commit robbery.[1] For the reasons set forth below, we affirm.

The facts out of which this case arises are described by the trial court as follows:

> In the early morning hours of February 21, 2017, [Appellant] and his friends, King Edwards, Hosea Moore, and Christian Glenn, decided that they were going to rob somebody while luring them to a location at 438 Climax Street in the City of Pittsburgh. Earlier in the evening these individuals, among others, had been unsuccessful in attempting to rob individuals at the South Hills Junction, a Port Authority stop, and then determined that it would

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(b), 3701(a)(1)(i), and 903, respectively.

be better to arrange to have somebody go to a Climax Street address where they could then rob them. Initially they believed they could rob a pizza delivery person until they realized that it was too late for the pizza business to be open. [Appellant] and his friends then agreed to call for a Zip Cab ride and instructed that the driver pick them up at the Climax Street address. The driver of the Zip Cab [Victim] received the call to pick them up at approximately quarter of two in the morning. After making his way from the Northside Section of the City of Pittsburgh, [Victim] arrived at the Climax Street address shortly before two o'clock am. [Appellant] and Edwards got into the back seat of the cab and Moore got into the front seat. After some discussion, Moore got out of the vehicle and then punched [Victim] in the face. [Appellant] and King got out of the vehicle and continued the assault on [Victim] with [Appellant] kicking him in the head and the face numerous times. They originally left [Victim] in the street along with his cab and returned to their house only to go back to the Climax Street address to move the body out of the street and also to hide the cab. [Appellant] also wanted to make sure that the victim was dead. When [Appellant] returned to the house where they were all staying …, he said that the victim was still alive when they went back to the scene and he kicked [Victim] in the face and the neck in an attempt to kill him.

Trial Court Opinion at 3-4. Victim died from his injuries on February 24, 2017. N.T. Vol. 1 at 397.

Appellant was charged with criminal homicide, robbery, conspiracy to commit homicide, and conspiracy to commit robbery. Criminal Information. These charges were tried to a jury from November 6, 2019 to November 21, 2019. At Appellant's trial, the trial court instructed the jury on the offenses of first-degree murder, second-degree murder, third-degree murder, robbery, conspiracy, and accomplice liability. N.T. Vol. 2 at 525-43, 545-47, 555-59. Appellant requested that the jury also be charged on aggravated assault, but the trial judge denied that request. *Id.* at 466-73. On November 21, 2019,

the jury found Appellant guilty of second-degree murder, robbery, and conspiracy to commit robbery and found him not guilty of conspiracy to commit criminal homicide. *Id.* at 560-64; Verdict Form.

On February 18, 2020, the trial court sentenced Appellant to life imprisonment without parole for the second-degree murder conviction, imposed a consecutive sentence of imprisonment for conspiracy to commit robbery, and imposed no further penalty for the robbery conviction. N.T. Sentencing at 10-11; Sentencing Order. At the sentencing hearing, the trial court stated:

> for your conviction of the charge of criminal conspiracy to commit robbery, I'm going to sentence you to **a period of incarceration of not less than 54 nor more than 108 years**, which will run consecutive to the period of life without the possibility of parole.

N.T. Sentencing at 10 (emphasis added). The sentencing order, however, states that the sentence imposed for conspiracy to commit robbery is consecutive confinement "for a minimum period of **54 Month(s) and a maximum period of 108 Month(s)**." Sentencing Order (emphasis added). Appellant did not file any post sentence motion and timely appealed his judgment of sentence.

In this appeal, Appellant raises the following two issues:

> 1. Whether the sentencing court erred in sentencing appellant to 54-108 years at count 4, the charge of criminal conspiracy to commit robbery graded as a felony of the first degree with serious bodily injury, when the maximum possible penalty for conspiracy to commit robbery with serious bodily injury is 20 years thus appellant received an illegal sentence?

2. Whether the trial court erred denying appellant the jury charge of aggravated assault when counsel argued that the elements of aggravated assault are lesser included elements of third degree murder?

Appellant's Brief at 7 (trial court answers omitted). We conclude that Appellant's first issue fails because the trial court's sentence for conspiracy to commit robbery was not a sentence of 54 to 108 years and that Appellant's second issue fails because any error in failing to instruct the jury on aggravated assault was harmless in light of the jury's verdict.

Appellant is correct that the maximum sentence for his conspiracy to commit robbery conviction is 20 years. 18 Pa.C.S. § 3701(a)(1)(i), (b)(1) (robbery charge in question is a first-degree felony); 18 Pa.C.S. § 905(a) (conspiracy is graded the same as the most serious offense that was the object of the conspiracy); 18 Pa.C.S. § 1103(1) (maximum sentence for first-degree felony is 20 years). A sentence in excess of 20 years for this conviction would therefore be an illegal sentence. **Commonwealth v. Bradley**, 834 A.2d 1127, 1131 (Pa. 2003); **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013).

The trial court's sentencing order, however, clearly states that Appellant's sentence for conspiracy to commit robbery is 54 to 108 months, a period of $4^1/_2$ to 9 years. Sentencing Order. Although the trial court stated that this sentence was 54 to 108 years at the sentencing hearing, where there is a discrepancy between the trial court's written sentencing order and its statements at the sentencing hearing, it is the sentencing order that controls

- 4 -

what the defendant's sentence is. ***Commonwealth v. Borrin***, 80 A.3d 1219, 1226 (Pa. 2013); ***Commonwealth v. Sarvey***, 199 A.3d 436, 451-52 (Pa. Super. 2018); ***Commonwealth v. Willis***, 68 A.3d 997, 1010-11 (Pa. Super. 2013). "In Pennsylvania, the text of the sentencing order, and not the statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed." ***Borrin***, 80 A.3d at 1226. Appellant's sentence for conspiracy to commit robbery is therefore 54 to 108 months' incarceration, which does not exceed the statutory maximum sentence of 20 years, and his sentence for this offense is not an illegal sentence.

In his second claim of error, Appellant argues that the trial court erred in refusing to instruct the jury on aggravated assault. If the defendant requests that the jury be charged on a lesser-included offense and the evidence could support a conviction for that offense, the trial court should instruct the jury on the lesser offense. ***Commonwealth v. Wood***, 475 A.2d 834, 835-37 (Pa. Super. 1984); ***Commonwealth v. Griffin***, 456 A.2d 171, 178-79 (Pa. Super. 1983). Aggravated assault is a lesser-included offense of third-degree murder, one of the crimes with which Appellant was charged. ***Commonwealth v. Golphin***, 161 A.3d 1009, 1029 (Pa. Super. 2017).

The Commonwealth argues that even if the trial court's denial of Appellant's request to instruct the jury on aggravated assault was error, the error was harmless. We agree. Trial court error is harmless and is not

grounds for reversal where it is clear beyond a reasonable doubt that the error did not contribute to the verdict. *Commonwealth v. Moran*, 104 A.3d 1136, 1150 (Pa. 2014); *Commonwealth v. Bullock*, 913 A.2d 207, 218 (Pa. 2006).

The reason that a defendant is entitled to an instruction on a lesser-included offense is to protect the defendant against the risk that if forced to choose between conviction of the charged offense and acquittal, the jury may resolve its doubts in favor of conviction where one of the elements of the charged offense remains in doubt, but the defendant is plainly guilty of some offense. *Commonwealth v. Garcia*, 378 A.2d 1199, 1208 (Pa. 1977); *Wood*, 475 A.2d at 835-37 (failure to instruct on lesser-included offense was reversible error because jury "was required to choose between [the charged offense] and acquittal where the evidence showed some illegal conduct on the part of the appellant"); *see also Keeble v. United States*, 412 U.S. 205, 212–13, (1973). That risk does not exist where the jury has in fact been instructed on and given the option of convicting the defendant of another, more serious lesser-included offense. Thus, where the jury convicts the defendant of a charged offense despite being instructed on and given the alternative of convicting the defendant of a lesser offense, the absence of a jury instruction on an additional, less serious lesser-included offense cannot have contributed to the verdict and is harmless error. *Commonwealth v. Counterman*, 719 A.2d 284, 304 (Pa. 1998); *Commonwealth v. Mignogna*, 585 A.2d 1, 8-9 (Pa. Super. 1990), *overruled on other issue*,

*Commonwealth v. Browdie*, 671 A.2d 668 (Pa. 1996); *Commonwealth v. Haynes*, 577 A.2d 564, 574 (Pa. Super. 1990); *Commonwealth v. Fason*, No. 255 WDA 2020, at 21 (Pa. Super. Jan. 6, 2021) (unpublished memorandum).

That is the situation here. The trial court instructed the jury on a lesser offense, third-degree murder, and the jury convicted Appellant of the more serious offense of second-degree murder. N.T. Vol. 2 at 525-31, 545-46, 555-64; Verdict Form. Given the fact that the jury had the option of convicting Appellant of third-degree murder and was not required to either convict Appellant of second-degree murder or acquit him with respect to the vicious physical harm inflicted on Victim, the absence of an aggravated assault instruction cannot have contributed to the jury's second-degree murder verdict. Any error in failure to give Appellant's requested instruction was therefore harmless.

For the foregoing reasons we conclude that Appellant has not shown that the trial court committed any reversible error. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/22/2022